IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| ALBERT RODRIGUEZ,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | A-07-CA-1032-LY |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Dept. of<br>Criminal Justice-Correctional<br>Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Documents 5); Respondent's Answer (Document 13); and Petitioner's response thereto (Document 14). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to two judgments and sentences of the 22nd Judicial District Court of Hays County, Texas, in cause number CR-90-211 and cause number CR-06-481.  In cause number CR-90-211 Petitioner was convicted of Delivery of a Controlled Substance and was sentenced to 12 years in prison.  In cause number CR-06-481 Petitioner was convicted of Assault/Family Violence, and sentenced to three years in prison.  Petitioner does not challenge his holding convictions.  Rather, he challenges the way his sentences are being carried out.

As explained by Charley Valdez, Program Specialist III for the Classification and Records Division of TDCJ-CID, Petitioner was received into TDCJ custody on July 12, 1991, after Petitioner was convicted in Hays County of Delivery of a Controlled Substance for which Petitioner received a 12-year sentence and Burglary of a Habitation for which Petitioner received a 5-year sentence. See Respondent's Exhibit B.  Petitioner was released on parole on March 2, 1992. Id.  After violating the conditions of his release and committing a new crime, Petitioner's parole was revoked and he was returned to TDCJ on August 10, 1995. Id.  Before he was returned to TDCJ, Petitioner was convicted of Felony Theft for which he received a 4-year sentence for the crime he committed while on parole. Id.  He also was convicted of Possession of a Controlled Substance for which he received a 4-year sentence for a crime he committed prior to his original commitment to TDCJ in 1991. Id.  Petitioner was released on mandatory supervision on April 1, 1999. Id.  At that time, it appears Petitioner had discharged both 4-year sentences and his 5-year sentence and was released on mandatory supervision on only his 12-year sentence.  Petitioner's supervision was subsequently

revoked for violating the terms of his release, and he was returned to TDCJ on October 22, 2004. Id.  Petitioner was again released to mandatory supervision on September 12, 2005.  Id.  Petitioner again violated the terms of his supervision and committed the new offense of Assault/Family Violence.  Id.  Petitioner's mandatory supervision was revoked and Petitioner was returned to TDCJ on January 19, 2007, with a new 3-year sentence for Assault/Family Violence.  Id.  Petitioner is currently serving the remainder of his 12-year and 3-year sentences.  Petitioner is not eligible for mandatory supervision on the Assault/Family Violence conviction.  Id.

Petitioner has presented four time-credit disputes to the time credit resolution system of TDCJ-CID.  Petitioner's most recent time credit dispute was received by TDCJ-CID on September 20, 2007, and was answered by TDCJ-CID on February 14, 2008.  TDCJ-CID found that no error had been made in computing Petitioner's served time.

Petitioner has filed a state application for habeas corpus relief raising his time-credit dispute on September 23, 2005.  Ex parte Rodriguez, No. 63,397-01.  The Texas Court of Criminal Appeals remanded Petitioner's state habeas petition to the trial court for further findings on November 23, 2005.  The Court of Criminal Appeals has sent the trial court three reminders to make findings, most recently on May 12, 2008, but the trial court has yet to answer.  Petitioner also filed a writ of mandamus requesting that the Court of Criminal Appeals resolve his state writ of habeas corpus. The writ was denied without written order on October 2, 2007.

**B.     Petitioner's Grounds for Relief**

Petitioner alleges the forfeiture of his good time and street time upon being returned to custody after stints on parole and mandatory supervision:

    1.     illegally extends his sentence and requires that he serve his sentence in installments;

2. fails to recognize that time served on parole and mandatory supervision is actually time served in custody; and

3. Petitioner was coerced by TDCJ-CID into signing his "parole papers" thereby intimidating Petitioner into relinquishing his good time and work time earned.

### C.  Exhaustion of State Court Remedies

Respondent argues Petitioner has not exhausted his state court remedies, because the Texas Court of Criminal Appeals has not yet ruled on Petitioner's state application for habeas corpus relief. Nevertheless, the Court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2).

## DISCUSSION AND ANALYSIS

### A.  Street Time Credits

Petitioner essentially argues he is entitled to credit for the time he spent on parole and mandatory supervision, also known as "street time." Despite Petitioner's argument, the law in this Circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole. See Cortinas v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 493 U.S. 856, 110 S. Ct. 161 (1989); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987, 93 S. Ct. 341 (1972); Betts v. Beto, 424 F.2d 1299 (1970). Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision. Additionally, the

Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. See Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969). Petitioner is not being forced to serve more than his 12-year sentence. Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on parole or mandatory supervision.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole and mandatory supervision. The Texas parole statute in effect at the time the controlling offense was committed, December 13, 1989, provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.18 § 15(a) (West 1987) (currently TEX. GOV'T CODE ANN. § 508.156(e) (Vernon 2007). Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole or mandatory supervision. Moreover, Petitioner received notice prior to his release on mandatory supervision that he would not receive credit for the time spent on parole if his parole was revoked.

In addition, the Texas statute addressing street time credit in effect at the time of Petitioner's revocations occurring after September 1, 2001, read in pertinent part:

> (b)  If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

TEX. GOV'T CODE § 508.283(West 2004). Therefore, before an inmate can be entitled to restoration of street-time credit, he must not be serving a sentence for, and must not previously have been convicted of, a crime described in section 508.149(a) of the Texas Government Code. Aggravated robbery is one of the offenses listed in section 508.149(a) of the Texas Government Code. See TEX. GOV'T CODE § 508.149(a)(12). Because Petitioner was previously convicted of aggravated robbery, he cannot satisfy the first condition for the restoration of street-time credit as to his revocations occurring after September 1, 2001.

**B.     Good Time Credits**

Petitioner may also be arguing his constitutional rights are being violated by not having his previously earned good time credits restored after the revocation of his mandatory supervision. However, there is no federal constitutional right to the reinstatement of previously forfeited good conduct time credits, and the failure to restore same to a parole violator does not violate due process.

Since 1977, Texas statutes (previously TEX. REV. CIV. STAT. ANN. art. 6181-1, § 4 and currently TEX. GOVT. CODE ANN. §§ 498.003, 498.004, 498.005) have provided that good conduct time applies only to eligibility for parole or mandatory supervision and may be forfeited for violations of department rules and good time does not reduce an inmate's sentence. Ex Parte Hallmark, 883 S.W.2d 672, 673 (Tex. Crim. App. 1994). Because Petitioner does not have a liberty interest in the reinstatement of previously accrued good conduct time credits, Petitioner is not entitled to habeas corpus relief on this claim.

**C.     Installments**

Petitioner complains he is being required to serve his sentence in installments. The Fifth Circuit has recognized that a state prisoner cannot – through no fault of his own – be required to

serve his sentence in installments. Shields v. Beto, 370 F.2d 1003, 1006 (5th Cir. 1967) (citing White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930)); see also Free v. Miles, 333 F.3d 550, 553-54 (5th Cir. 2003) (per curiam). However, the rule against installments does not preclude the interruption and subsequent resumption of a sentence when the interruption is the prisoner's fault, such as when parole is violated. Free, 333 F.3d at 553 & n. 7. Accordingly, Petitioner's claim is without merit.

**D.      Coercion**

Petitioner also asserts he was forced to sign away his good time credits before he was released on parole or mandatory supervision. Construing Petitioner's claims liberally Petitioner may be alleging he signed the mandatory supervision certificate under duress. However, Petitioner's claim is without merit as he does not raise a federal constitutional claim.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of May, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE